**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Carleton Jerome Beatty and** | ) | Case No. 25-41555 |
| **Sharon Denise Beatty,** | ) | |
| | ) | |
| Debtors. | ) | **Chapter 13** |

## OPINION AND ORDER GRANTING TRUSTEE'S MOTION TO DISMISS

The present dispute requires the court to determine how the chapter 13 unsecured debt limit under 11 U.S.C. § 109(e) applies in a joint case. Chapter 13 debtors Carleton and Sharon Beatty argue that the court should evaluate their debts separately. In other words, because the Beattys would each allegedly be eligible to file an individual chapter 13 case (i.e., their respective debts fall below the limits § 109(e) imposes), they argue that the court should permit them to file a joint case, even though their combined debts exceed the unsecured debt limit. Chapter 13 trustee Richard Fink disagrees, arguing that the court must evaluate the Beattys' combined debts to determine their chapter 13 eligibility under § 109(e), and that the court must dismiss this case because their combined debts exceed § 109(e)'s debt limits. Because the court agrees with the trustee, and for the reasons explained below, the court GRANTS the trustee's motion to dismiss.

### BURDEN OF PROOF

"The Debtors have the burden of proof to establish their eligibility for relief under the provisions of 11 U.S.C. § 109." *In re Hargrove*, 465 B.R. 507, 509 (Bankr. E.D. Ark. 2011) (citing *Montgomery v. Ryan (In re Montgomery)*, 37 F.3d 413, 415 (8th

Cir. 1994)). Section 109(e)'s requirements "are strictly construed. If the debtor does not meet them[,] he is not eligible[,] and the case must be converted or dismissed." *Norman v. Norman (In re Norman)*, 32 B.R. 562, 565 (Bankr. W.D. Mo. 1983).

## BACKGROUND

The parties do not dispute the relevant facts—including that the aggregate amount of the Beattys' combined unsecured debts exceeds § 109(e)'s debt limit of $526,700. The court takes judicial notice of all filed and allowed proofs of claim. *See* Fed. R. Evid. 201.

The Beattys filed a joint chapter 13 voluntary petition and related bankruptcy schedules in September 2025. The Beattys' creditors filed proofs of claim totaling $531,992.80 in unsecured debt.[1] Of that amount, $55,947.83 is joint debt.[2] Carleton Beatty owes $331,058.05 individually.[3] And Sharon Beatty owes $144,986.92 individually.[4]

Chapter 13 trustee Richard Fink filed the current motion to dismiss, arguing that the Beattys do not qualify for chapter 13 relief under § 109(e). Specifically, the total amount of the Beattys' unsecured debt ($531,992.80) exceeds § 109(e)'s unsecured debt limit by $5,292.80. Rather than dispute this fact, the Beattys argue

---

[1] The Beattys and the trustee agree that the aggregate amount of unsecured debt is $527,332.25, which exceeds § 109(e)'s unsecured debt limit of $526,700. *See* Trustee's Mot. Dismiss Case Failure Qualify Under § 109(e) 1, Dkt. No. 31; Obj. Mot. Dismiss Failure Qualify Under § 109(e) 1, Dkt. No. 38. But all parties ignore the $4,660.55 unsecured portion of a filed undersecured claim. *See Miller v. United States*, 907 F.2d 80, 81–82 (8th Cir. 1990) (concluding that the unsecured portion of any undersecured debt is treated as unsecured debt for determining a debtor's chapter 13 eligibility under § 109(e)); Proof Claim No. 15. Thus, the actual amount of aggregate unsecured debt is $531,992.80.

[2] Proofs Claim Nos. 11, 13–15, 24.

[3] Proofs Claim Nos. 2, 6, 8, 10, 12, 16–20, 22, 25.

[4] Proofs Claim Nos. 1, 3–5, 7, 21.

that the court should evaluate their aggregate debts separately to determine whether either of them exceeds the limits § 109(e) imposes.  Because Carleton and Sharon would each allegedly qualify for individual chapter 13 relief, they argue that they should be able to proceed jointly in chapter 13.

Having outlined the relevant background, the court turns to the merits of the trustee's motion to dismiss.

### ANALYSIS

Section 109(e) states in relevant part:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 . . . or *an individual with regular income and such individual's spouse . . . that owe*, on the date of the filing of the petition, noncontingent, liquidated, *unsecured debts that aggregate less than $526,700* . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (emphasis added).

When interpreting a statute, the court must start with the statute's language. *Hartford Underwriters Ins. Co. v. Magna Bank, N.A. (In re Hen House Interstate, Inc.)*, 177 F.3d 719, 722 (8th Cir. 1999) ("The proper construction of any statute, the Bankruptcy Code included, begins with the language of the statute itself.").  "If the plain language of the statute is unambiguous, that language is conclusive absent clear legislative intent to the contrary. Therefore, if the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." *United States v. S.A.*, 129 F.3d 995, 998 (8th Cir. 1997) (citations omitted).

The language of § 109(e) is clear: "Only . . . an individual with regular income and such individual's spouse . . .  that owe . . . debts that aggregate less than $526,700

3

. . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e).  Therefore, § 109(e) explicitly directs the court to evaluate the aggregate amount of debt to determine whether married individuals are eligible for chapter 13 relief in joint cases. Moreover, § 109(e) independently imposes the same $526,700 unsecured debt limit on (1) any "individual" and (2) any "individual . . . and such individual's spouse." Thus, a debtor who files an individual petition has the same debt limit as married debtors who file a joint petition.  If Congress wanted to impose a higher debt limit in joint cases, it would have drafted § 109 accordingly.  Congress, however, declined to do so.  Because § 109(e) is unambiguous, the court's inquiry must end here.

Despite § 109(e)'s clear mandate, there is a split of authority on this issue— and none in the Eighth Circuit.  *Compare In re Werts*, 410 B.R. 677 (Bankr. D. Kan. 2009) (evaluating debtors' debts separately for § 109(e) eligibility purposes), *In re Hannon*, 455 B.R. 814 (Bankr. S.D. Fla. 2011) (same), *and In re Scholz*, No. 10-bk-08446-ABB, 2011 WL 9517442 (Bankr. M.D. Fla. Apr. 11, 2011) (same), *with In re Miller*, 493 B.R. 55 (Bankr. N.D. Ill. 2013) (holding that joint debtors are ineligible for chapter 13 relief if their total combined debts exceed § 109(e)'s debt limits), *In re Pete*, 541 B.R. 917 (Bankr. N.D. Ga. 2015) (same), *and In re Carter*, No. 20-00653-NPO, 2020 WL 4730889 (Bankr. S.D. Miss. June 26, 2020) (same).  The Beattys ask the court to adopt the approach articulated in *In re Werts*, 410 B.R. 677 (Bankr. D. Kan. 2009), under which joint debtors whose total combined debts exceed § 109(e)'s debt limits are, nevertheless, eligible for chapter 13 relief if their separate individual debts are each below the limits.  *Werts* and cases that adopt it separately evaluate

4

debtors' debts for purposes of § 109(e) for three reasons: (1) the policy of encouraging chapter 13 filings favors a low barrier to chapter 13 eligibility; (2) § 109(e) uses singular nouns (i.e., the "individual" and "debtor," rather than "individuals" and "debtors") to describe the subject of the debt limits; and (3) evaluating debtors' debts in the aggregate is inconsistent with the independence of each joint debtor's estate (absent substantive consolidation) under § 302. There is some practical appeal to the approach that *Werts* articulates. But the plain language of § 109(e) overrides that appeal. Consequently, the reasons that *Werts* outlines are unpersuasive.

First, the policy of encouraging chapter 13 filings cannot override the statute's plain language. "It is not the place of courts to rewrite the [Bankruptcy] Code." *In re Miller*, 493 B.R. 55, 59 (Bankr. N.D. Ill. 2013). Rather, "Congress decides what makes for a reasonable bankruptcy system, and the Code embodies its view of sound bankruptcy policy." *Id.* The court acknowledges that, as a matter of public policy, it may be more cost-effective and administratively convenient to allow a higher debt limit for joint debtors. But that policy decision is up to Congress, not the court. Moreover, the court cannot interpret or "read" § 109(e) to arrive at this more "equitable" result. Rather, the court must analyze the statute's plain language. Because the language of § 109(e) is clear, the court declines to intervene and adopt a contrary, policy-based interpretation.

Second, though § 109(e) appears at first blush to impose the debt limits on a singular subject, "the subject in the relevant part of section 109(e) is plural ('individual . . . and such individual's spouse')," not singular. *Id.* at 60. Section 102(7)

5

also provides that "the singular includes the plural." *Id.* (citing 11 U.S.C. § 102(7)). Thus, when an individual debtor and his or her spouse file a joint petition, § 109(e) refers to the total amount the two individual spouses, plural, owe. "As a grammatical matter, no other meaning is possible." *Id.*  Even if Congress added the phrase, "and such individual's spouse," not to combine spouses' debts to determine eligibility, but "to avoid situations where married couples would prefer to file a joint Chapter 13 proceeding, but only one spouse has regular income," *In re Werts*, 410 B.R. 677, 687 (Bankr. D. Kan. 2009), that intent does not negate § 109(e)'s key mandate that chapter 13 is available only to debtors—individual or joint—whose unsecured debts "*aggregate* less than $526,700." 11 U.S.C. § 109(e) (emphasis added).

And third, the distinctness of joint debtors' estates absent substantive consolidation under § 302 does not negate § 109(e)'s unambiguous imposition of an aggregate debt limit.  Section 109 and § 302 are distinct code sections.  Though the court agrees that the Beattys' estates remain separate under § 302, *see Young v. Happy Money, Inc. (In re Young)*, No. 25-6011, 2026 WL 946378, at *4 (B.A.P. 8th Cir. Apr. 8, 2026) (noting that § 302 "merely allows the two estates to be jointly administered" (quoting *In re Portell*, 557 B.R. 161, 165 (Bankr. W.D. Mo. 2016))), their unsecured debts must still be aggregated for eligibility purposes under § 109(e). "[S]ection 109(e) does not concern itself with the consolidation of estates, but rather the amount of unsecured debt Congress deemed appropriate to be administered in a chapter 13 case." *In re Pete*, 541 B.R. 917, 921 (Bankr. N.D. Ga. 2015).  A total debt limit "for joint debtors is in no way inconsistent with . . . the concept of separate

6

estates under section 302(b)." *In re Miller*, 493 B.R. at 60.  Ultimately, § 302 does not change the plain language of § 109(e).

Because their total unsecured debt exceeds § 109(e)'s debt limit, the Beattys' case cannot proceed under chapter 13.  The Beattys may, however, convert or deconsolidate their case. *See In re Pete*, 541 B.R. at 922 (providing the debtors additional time to "file a motion to convert their case to another chapter or file appropriate papers or pleadings to proceed in separate chapter 13 cases"); *In re Carter*, No. 20-00653-NPO, 2020 WL 4730889, at *4 (Bankr. S.D. Miss. June 26, 2020) (same).

### CONCLUSION

For the reasons explained above, the court GRANTS the trustee's motion to dismiss the case for failure to qualify under § 109(e).  The Beattys will have until May 20, 2026, to convert their case or file a motion to deconsolidate; otherwise, the court will dismiss this case on May 21, 2026.

IT IS SO ORDERED.

Dated: April 29, 2026                          /s/ Brian T. Fenimore
                                               BRIAN T. FENIMORE
                                               United States Bankruptcy Judge